UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Bushra Ghazi, ) | |
| ) | C/A No. 9:07-cv-2976-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Michael J. Astrue, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., issued on February 4, 2009. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner. The Commissioner denied Plaintiff's claims for Disability Insurance Benefits ("DIB"). The magistrate recommends affirming the decision of the Commissioner.

BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits on June 14, 2004 alleging disability beginning May 2, 2002. The plaintiff's application was denied initially on November 19, 2004 and upon reconsideration on May 26, 2005. The plaintiff requested a hearing on July 14, 2005 which was granted and held on October 17, 2006 in Columbia, South Carolina. A vocational expert ("VE") testified at the

hearing and concluded that there was work in the national economy to which the plaintiff could perform.  (Tr. 44-48).  The Appeals Council denied Plaintiff's request for review on June 29, 2007, rendering the ALJ's opinion the final decision of the Commissioner for purposes of judicial review.  (Tr. 5)  The plaintiff filed this civil action for judicial review on August 29, 2007.

## STANDARD OF REVIEW

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  The plaintiff filed objections to the magistrate's Report and Recommendation on February 23, 2009.

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED.

R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984);

*Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . .

held *de novo* review to be unnecessary in . . . situations when a party makes general

and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d

44, 47 (4th Cir. 1982).

The role of the federal judiciary in the administrative scheme established by the

Social Security Act is a limited one.  Section 205(g) of the Act provides: "The findings

of the Secretary as to any fact, if supported by substantial evidence, shall be

conclusive . . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined

innumerable times as more than a scintilla, but less than a preponderance." *Thomas

v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo*

review of the factual circumstances that substitute the court's findings for those of

the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).  The court

must uphold the Commissioner's decision as long as it is supported by substantial

evidence.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it

does not follow, however, that the findings of the administrative agency are to be

mechanically accepted.  The statutorily granted right of review contemplates more

than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413

F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility

to give careful scrutiny to the whole record to assure that there is a sound foundation

for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at

1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable

mind could accept the record as adequate to support that determination. *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971).  However, the Commissioner's findings of fact

are not binding if they were based upon the application of an improper legal standard.

*Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## DISCUSSION

The plaintiff offers three specific objections to the magistrate's Report and

Recommendation.  (Pl. Obj.).  First, the plaintiff objects to the Administrative Law

Judge's ("ALJ") treatment of illiteracy and stated that he "failed to make findings of

fact why the claimant was not illiterate." (Pl. Obj. 1).  During the hearing the ALJ

asked the plaintiff if she was able to read in English.  She stated that she was able to

read but not much.  (Tr. 30).  She stated she also went for thirteen years of school in

Pakistan.  (Tr. 29).  The ALJ noted the plaintiff's inability to read well and posed a

hypothetical to the vocational expert that the plaintiff had a "limited ability to read."

(Tr. 44).  According to 20 CFR § 404.1564,

> Illiteracy means the inability to read or write. We consider someone
> illiterate if the person cannot read or write a simple message such as
> instructions or inventory lists even though the person can sign his or her
> name. Generally, an illiterate person has had little or no formal schooling.

Page 4 of  6

The plaintiff is not illiterate and the ALJ was not required to make specific findings of fat in his decision due to the abundance of evidence supporting her ability to read.  The plaintiff said she can read simple English words and has had significant formal schooling in Pakistan.  In her disability form, she stated that she could read and understand English and write more than her name in English.  (Tr. 148).  The record was sufficient and the ALJ was not required to make findings of fact regarding the plaintiff's literacy.  Substantial evidence existed to demonstrate that plaintiff is literate, so this objection is without merit.  *See Quinn v. Sullivan*, 896 F.2d 1367, 1990 WL 15684 (4th Cir. 1990)(finding that substantial evidence existed to support a claimant's literacy when he stated he had eight years of schooling, could read a newspaper, grocery list, and fill out a deposit slip.).

The second objection also involves the issue of illiteracy as it relates to her prior work and transferable skills.  (Pl. Obj. 2).  Since the Court finds that the ALJ was not required to analyze the issue of illiteracy in his written decision due to the plaintiff's educational background and admissions, the Court will not address this objection.  The second objection is without merit.

The plaintiff's third objection is that the magistrate made a post hoc rationalization to support the ALJ's decision on page five of the Report and Recommendation. (Pl. Obj. 2).  The plaintiff does not state what the finding of fact was nor is this Court able to identify any post hoc rationalization.  The Court cannot identify any evidence addressed by the magistrate that was not identified or

considered by the ALJ.  This is a conclusory allegation and is not specific enough for this Court to conduct a *de novo* review.

<u>CONCLUSION</u>

After a review of the magistrate's Report and Recommendation and the facts and record of this case, this Court finds that the report is based upon the proper law and substantial evidence exists to support the findings.  Accordingly, the Report and Recommendation is accepted and adopted by this Court in its entirety.

IT IS THEREFORE ORDERED that the decision of the Commissioner be AFFIRMED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

March ___4___, 2009
Anderson, South Carolina.